[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15951
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00508-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC J. SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2011)

Before TJOFLAT, CARNES, and BLACK, Circuit Judges.

PER CURIAM:

Eric J. Scott appeals his convictions and sentence after a jury found him guilty of one count of conspiracy to defraud the United States and to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 371; one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and one count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. On appeal, Scott argues the district court erred when it (1) denied his motion for judgment of acquittal because the evidence was insufficient to support his convictions; and (2) when it calculated the fraud loss amount attributable to him at sentencing. After review, we affirm Scott's convictions and sentence.

## I.

Section 371 makes it illegal for two or more persons to "conspire either to commit any offense against the United States, or to defraud the United States." 18 U.S.C. § 371. To sustain a conviction under § 371, "the Government must prove: (1) that an agreement existed between two or more persons to commit a crime; (2) that the defendant knowingly and voluntarily joined or participated in the conspiracy; and (3) a conspirator performed an overt act in furtherance of the agreement." *United States v. Ndiaye*, 434 F.3d 1270, 1294 (11th Cir. 2006). "The knowledge requirement is satisfied when the Government shows a defendant's awareness of the essential nature of the conspiracy." *Id.*

2

To establish the offense of wire fraud under 18 U.S.C. § 1343, the Government must prove "(1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of the scheme." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). Similarly, a conviction for bank fraud under 18 U.S.C. § 1344 requires proof that (1) the defendant intentionally participated in a scheme to defraud and (2) the intended victim was a federally-insured financial institution. *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002). To sustain a conviction for aiding and abetting under 18 U.S.C. § 2, the Government must show that the defendant "associated himself with a criminal venture, participated in it as something he wished to bring about and sought by his actions to make it succeed." *United States v. Schwartz*, 666 F.2d 461, 463 (11th Cir. 1982) (quotation and citation omitted).

The evidence was sufficient for a reasonable jury to conclude that Scott was a knowing participant in the conspiracy because he (1) knew of the nominee purchases, (2) knew that such purchases were made to facilitate his wife, Gretchen Scott's, applications to receive Section 8 benefits under the U.S. Department of Housing and Urban Development's ("HUD") Housing Choice Voucher Program, and (3) personally participated in the scheme by signing over a property to a nominee purchaser, signing inspection reports of the properties to facilitate the

3

Section 8 applications, and entering into leases of properties he knew he did not own.[1]  Although Scott argues that he did not personally participate or know of the fraudulent misrepresentations made to the financial institutions by the nominee purchasers, Scott's knowing participation in the conspiracy is sufficient to sustain his convictions.  *See Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S. Ct. 1180, 1183-84 (1946) (a defendant who knowingly participates in a conspiracy is liable for the acts of his co-conspirators done in furtherance of the conspiracy, even if he did not personally participate in those acts); *United States v. Valdes-Guerra*, 758 F.2d 1411, 1415 (11th Cir. 1985) (a person may be found guilty of a conspiracy "even though [he] did not know all of the details of the agreement . . . and even if he played only a minor role in the scheme").

Further, even though Scott only dealt with the St. Peterburg Housing Authority, the evidence supports that the conspiracy acted to defraud the United States.  "A conspiracy [to defraud] may be effected where a defendant uses a third party to reach and defraud the government."  *United States v. Harmas*, 974 F.2d 1262, 1267 (11th Cir. 1992).  The evidence showed the conspirators knowingly used the St. Peterburg Housing Authority to reach and defraud HUD.

---

[1]We review *de novo* the denial of a motion for judgment of acquittal, construing the evidence in the light most favorable to the verdict.  *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006).

The evidence was also sufficient for a reasonable jury to conclude Scott committed wire fraud and bank fraud because he "associated himself with a criminal venture, participated in it as something he wished to bring about and sought by his actions to make it succeed." *Schwartz*, 666 F.2d at 463. The evidence also showed the fraud used interstate wires and that an intended victim was a federally-insured financial institution, Branch Banking and Trust, Company. Moreover, the jury was entitled to disbelieve Scott's testimony and come to the opposite conclusion of that to which he testified - that he did know the loans were obtained fraudulently. *See United States v. Brown*, 53 F.3d 312, 314 (1995) (stating "a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt").

## II.

The Sentencing Guidelines define the "actual loss" as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1, comment. (n.3(A)(i)).[2] In calculating the loss amount, the commentary to the Sentencing Guidelines states that the loss shall be reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral, or

---

[2] The district court's fraud loss calculation is reviewed for clear error. *United States v. Renick*, 273 F.3d 1009, 1025 (11th Cir. 2001).

if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing." U.S.S.G. § 2B1.1, comment. (n.3(E)(ii)). The district court's estimate of the loss need only be reasonable. *United States v. Renick*, 273 F.3d 1009, 1025 (11th Cir. 2001); U.S.S.G. § 2B1.1, comment. (n.3(C)). Because the sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence, the court's loss determination is entitled to appropriate deference. *See* U.S.S.G. § 2B1.1, comment. (n.3(C)). If contested, however, the Government must support its loss calculation with "reliable and specific evidence." *Renick*, 273 F.3d at 1025 (citation omitted).

The district court did not clearly err in its calculation of the fraud loss amount attributed to Scott. The court calculated the loss amount by using the amount of money loaned, reduced by the amount received as a result of foreclosure. When this method proved to be an inaccurate estimate on one property, the court further reduced the loss amount by the property's fair market value. Further, the district court did not err when it considered Chase a victim for purposes of calculating the loss calculation because Chase suffered a loss as a result of the fraud. *See* U.S.S.G. § 2B1.1, comment. (n.1) (a "victim" includes any corporation that sustained any part of the actual loss). Accordingly, the district

6

court's calculations were reasonable and based on "reliable and specific" evidence. *Renick*, 273 F.3d at 1025.

**AFFIRMED.**